IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| WALENA BROWN | § | |
| --- | --- | --- |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:17cv585 |
| | § | |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation (ECF 24) recommends that the decision of the Commissioner be affirmed and that the complaint be dismissed with prejudice. Plaintiff filed a written objection (ECF 25) on September 3, 2019.

Plaintiff's objection asserts that she saw a physician on August 29, 2019, and that the physician told her that new imaging showed an old spinal fracture. Plaintiff does not identify the physician and she did not attach any documentation to her written objection. Plaintiff asserts a conclusory statement that "new evidence reveals that [her] back was broken before her date last insured, September 30, 2015."[1]

A district court may remand the matter to the Commissioner "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). New evidence is material

---
[1] See Plaintiff's Objection to the Report and Recommendation, ECF 25, at *1.

if there is "a reasonable possibility that it would have changed the outcome of the [ALJ]'s determination." *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

Plaintiff's written objection is not supported by any medical documentation. Further, she does not explain how imaging in 2019 would establish that she had a fracture at least four years ago, prior to September 30, 2015. The ALJ thoroughly considered Plaintiff's subjective assertions concerning her back pain and limitations, as well as the objective medical record. The objective evidence considered by the ALJ included records from three of Plaintiff's examining specialists during the relevant time period: Dr. Aaron Calodney, an orthopedist, Dr. Joseph Martellotto, a pain management specialist, and Dr. Ritesh Prasad, a physiatrist. Dr. Calodney reviewed MRI images showing disc degeneration and determined that Plaintiff was not a surgical candidate. Dr. Martellotto recommended conservative treatment, including aquatics therapy and medication. Similarly, Dr. Prasad recommended a combination of medication and chiropractic care.

Plaintiff seeks to introduce new evidence purporting to show that she suffered a spinal fracture prior to September 30, 2015. Examination findings from an August 29, 2019 office visit, occurring more than two years after the ALJ's decision became final and approximately four years after Plaintiff's date last insured, is not probative of whether Plaintiff was disabled at the time the Commissioner's decision became final. *See Hamilton-Provost v. Colvin*, 605 Fed.Appx. 233, 238 (5th Cir. 2015). Moreover, any subsequent deterioration of Plaintiff's condition is not an appropriate basis for a remand. *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985). Plaintiff has not presented new evidence that is material. The ALJ's finding is supported by substantial evidence.

Having made a *de novo* review of the objection filed by Plaintiff, the findings, conclusions and recommendation of the Magistrate Judge are correct and Plaintiff's objection is without merit. It is therefore

**ORDERED** that the Plaintiff's objection is **OVERRULED** and the Report and Recommendation (ECF 24) is **ADOPTED**. The decision of the Commissioner is **AFFIRMED** and this Social Security action is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**So Ordered and Signed**
**Sep 10, 2019**

_____
Ron Clark, Senior District Judge